UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

JORGE FERNANDEZ,
    Plaintiff,

v.                                Case No. :

HAVANA RESTAURANT, INC.,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JORGE FERNANDEZ ("Plaintiff"), by and through undersigned counsel, hereby sues Defendant, HAVANA RESTAURANT, INC. ("Defendant"), and in support of his claims states as follows:

### JURISDICTION AND VENUE

1. This is an action for damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., for failure to pay a minimum wage and failure to pay overtime.

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 201 et seq.

3. Venue is proper in the Southern District of Florida, because all of the events giving rise to these claims occurred in West Palm Beach County, Florida.

### PARTIES

4. Defendant operates a restaurant in West Palm Beach, in West Palm Beach County.

5. Defendant is a Florida corporation.

6. Plaintiff worked for Defendant as a parking attendant at Defendant's restaurant in West Palm Beach.

## GENERAL ALLEGATIONS

7. At all times material hereto, Plaintiff was "engaged in the production of goods" for commerce within the meaning of Section 6 and 7 of the FLSA, and was thus subject to the individual coverage of the FLSA.

8. As part of his regular job duties for Defendant, Plaintiff routinely and regularly used and/or handled items moving in the stream of commerce.

9. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the FLSA.

10. At all times material hereto, Defendant was an "employer" within the meaning of the FLSA.

11. Defendant continues to be an "employer" within the meaning of the FLSA.

12. At all times material hereto, Defendant was, and continues to be, an enterprise engaged in the "providing services for commerce" within the meaning of the FLSA.

13. At all times material hereto, the annual gross sales volume of Defendant exceeded $500,000 per year Thus, Defendant was an enterprise covered by the FLSA under 29 U.S.C. §§ 203(r) and 203(s).

14. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendant.

15. Plaintiff has satisfied all conditions precedent, or they have been waived.

16. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

17. Plaintiff requests a jury trial for all issues so triable.

## FACTS

18. Plaintiff worked for Defendant from 2012 to May 2016 as a parking attendant.

19. At all times material hereto, Plaintiff, while employed by Defendant, did not fall within any of the classes of employees who are exempt from the FLSA's minimum wage or overtime provisions under 29 U.S.C. § 213.

20. Specifically, Plaintiff was not employed by Defendant in a bona fide administrative, executive, or professional capacity. In particular, Plaintiff had no authority to hire or terminate any other employee of Defendant; he had no special or professional qualifications and skills for the use of which he was employed by Defendant; and he had no control whatsoever over Defendant's business operations, even from an administrative standpoint.

21. Thus, Plaintiff is a "non-exempt employee" who is covered by the FLSA.

22. At all times material hereto, Plaintiff worked hours at the direction of Defendant, and he was not paid a minimum wage for all of the hours that he worked.

23. At various times material hereto, Plaintiff worked hours in excess of forty (40) hours within a work week for Defendant, and he was entitled to be compensated for all of his overtime hours at a rate equal to one and one-half times his regular hourly rate.

24. Defendant failed to pay Plaintiff an overtime premium for all of the hours that Plaintiff worked.

25. Defendant's actions were willful, and showed reckless disregard for the provisions of the FLSA.

## COUNT I – FLSA MINIMUM WAGE VIOLATION

26. Plaintiff realleges and readopts the allegations of paragraphs 1 through 25 of this Complaint, as though fully set forth herein.

27. During the statutory period, Plaintiff worked for Defendant, and he was not paid the applicable minimum wage for the hours that he worked, as mandated by the FLSA.

28. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

29. As a result of the foregoing, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff demands:

    a) Judgment against Defendant for an amount equal to Plaintiff's unpaid back wages at the applicable statutory minimum wage;

    b) Judgment against Defendant stating that Defendant's violations of the FLSA were willful;

    c) An amount equal to Plaintiff's minimum wage damages as liquidated damages;

    d) To the extent liquidated damages are not awarded, an award of prejudgment interest;

    e) A declaratory judgment that Defendant's practices as to Plaintiff were unlawful, and grant Plaintiff equitable relief;

    f) All costs and attorney's fees incurred in prosecuting these claims; and

    g) For such further relief as this Court deems just and equitable.

## COUNT II – FLSA OVERTIME VIOLATION

30. Plaintiff realleges and readopts the allegations of paragraphs 1 through 25 of this Complaint, as though fully set forth herein.

31. During the statutory period, Plaintiff worked overtime hours while employed by Defendant, and he was not compensated for all of these hours in accordance with the FLSA.

32. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

33. As a result of the foregoing, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff demands:

    a) Judgment against Defendant for an amount equal to Plaintiff's unpaid back wages at the applicable overtime rate;

b)  Judgment against Defendant stating that Defendant's violations of the FLSA were willful;

c)  An amount equal to Plaintiff's overtime damages as liquidated damages;

d)  To the extent liquidated damages are not awarded, an award of prejudgment interest;

e)  A declaration that Defendant's practices as to Plaintiff were unlawful, and grant Plaintiff equitable relief;

f)  All costs and attorney's fees incurred in prosecuting these claims; and

g)  For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 12 day of July, 2016.

Respectfully submitted,

/s/ Luis A. Cabassa

**LUIS A. CABASSA**
Florida Bar Number: 0053643
**WENZEL FENTON CABASSA, P.A.**
1110 North Florida Avenue
Suite 300
Tampa, Florida 33602
Main No.: 813-224-0431
Direct No.: 813-379-2565
Facsimile: 813-229-8712
E-mail: lcabassa@wfclaw.com
E-mail: twells@wfclaw.com
**Attorneys for Plaintiff**

JS 44 (Rev. 07/16) FLSD Revised 07/01/2016

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)* **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

**I. (a) PLAINTIFFS** JORGE FERNANDEZ

**DEFENDANTS** HAVANA RESTAURANT, INC.

**(b)** County of Residence of First Listed Plaintiff Palm Beach County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant Palm Beach County
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Luis A. Cabassa, Wenzel Fenton Cabassa, P.A., 1110 N. Florida Ave., Suite 300, Tampa, FL 33602, 813-224-0431

Attorneys *(If Known)*

**(d)** Check County Where Action Arose: ☐ MIAMI-DADE ☐ MONROE ☐ BROWARD ☒ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE ☐ HIGHLANDS

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff)*
*(For Diversity Cases Only)* and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729 (a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 370 Other Fraud | ☒ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 371 Truth in Lending | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Med. Malpractice / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / **Other:** | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 530 General | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 535 Death Penalty | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education / ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | / ☐ 550 Civil Rights | | | |
| | / ☐ 555 Prison Condition | | | |
| | / ☐ 560 Civil Detainee – Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Re-filed (See VI below) ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation Transfer ☐ 7 Appeal to District Judge from Magistrate Judgment ☐ 8 Multidistrict Litigation – Direct File ☐ 9 Remanded from Appellate Court

## VI. RELATED/ RE-FILED CASE(S)

*(See instructions):* a) Re-filed Case ☐ YES ☒ NO  b) Related Cases ☐ YES ☒ NO
JUDGE: _____ DOCKET NUMBER: _____

## VII. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause *(Do not cite jurisdictional statutes unless diversity)*:
Fair Labor Standards Act Overtime violations and minimum wage violation
LENGTH OF TRIAL via _____ days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE
DATE 7/12/16       SIGNATURE OF ATTORNEY OF RECORD [signature]

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ IFP _____ JUDGE _____ MAG JUDGE _____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

JORGE FERNANDEZ,

    Plaintiff,

                                                  CASE NO.:

v.

HAVANA RESTAURANT, INC.,

    Defendant.

_____/

SUMMONS IN A CIVIL ACTION

TO:    Havana Restaurant
         c/o: Rafael J. Perez, As Registered Agent
         681S Dixie Hwy
         West Palm Beach, FL 33405

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) - or 60 days if you are the United State or a United States agency, or an office or employee of the United State described in Fed. R. Civ. P. 12 (a)(2) or (3) – you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

         Luis A. Cabassa
         Wenzel Fenton Cabassa, P.A.
         1110 N. Florida Ave., Suite 300
         Tampa, FL 33602

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

                                                CLERK OF THE COURT

Date: _____               _____

                                                Signature of Clerk or Deputy Clerk